# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| **JOHN JEFFREY PRATT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:22-cv-184 |
| ) | **JURY DEMAND** |
| **FIRST PEOPLES BANK OF TENNESSEE** ) | |
| and **FIRST PEOPLES BANCORP, INC.,** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES now the Plaintiff, John Jeffrey Pratt (hereinafter "Plaintiff" or "Mr. Pratt"), by and through counsel, and files this Complaint against the Defendants, First Peoples Bank of Tennessee (hereinafter "First Peoples Bank") and First Peoples Bancorp, Inc. (hereinafter "Bancorp") (hereinafter collectively as "Defendants") for age and disability discrimination in employment and retaliation, and respectfully shows this Honorable Court as follows:

## PRELIMINARY STATEMENT

1. This action seeks to remedy violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, the Americans with Disabilities Act of 1990, as amended ("ADAAA" or "ADA"), 42 U.S.C. § 12101, *et seq.*, the Tennessee Disability Act ("TDA"), T.C.A. § 8-50-103, and the Tennessee Human Rights Act ("THRA"), T.C.A. § 4-20-401, *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 for violations of the ADEA and the ADA. This Court has supplemental jurisdiction over Plaintiff's State Law claims under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because the parties reside in this judicial district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## ADMINISTRATIVE PREREQUISITE

4. Plaintiff has exhausted all administrative remedies and conditions precedent to filing this action. Plaintiff has filed this action within ninety (90) days of receiving a Notice of Rights from the Equal Employment Opportunity Commission ("EEOC"); a copy of Plaintiff's Notice of Rights is attached, Exhibit 1.

## PARTIES

5. Mr. Pratt is a citizen and resident of Knox County, Tennessee.

6. First Peoples Bancorp, Inc. is a domestic corporation, organized under the laws of the State of Tennessee with offices located at 206 West Broadway Boulevard, Jefferson City, Tennessee 37760-2301. First Peoples Bancorp, Inc. may be served with process through its registered agent, identified by the Tennessee Secretary of State: Steven D. Amos, 206 West Broadway Boulevard, Jefferson City, Tennessee 37760-2301.

7. First Peoples Bank of Tennessee is a wholly owned subsidiary of First Peoples Bancorp, Inc. and is located at 206 West Broadway Boulevard, Jefferson City, Tennessee 37760-2301. First Peoples Bank of Tennessee may be served with process at 206 West Broadway Boulevard, Jefferson City, Tennessee 37760-2301.

## FACTS

8. First Peoples Bank and Bancorp are "Employers" as set out in the ADEA, the ADA, the TDA, and the THRA.

9. At all times material hereto, Plaintiff was employed by First Peoples Bank as Chief Executive Officer (CEO) and by Bancorp as President. Additionally, Plaintiff served as a Director on the Board for Bancorp.

10. Plaintiff was employed with First Peoples Bank as CEO from 1988 through 2003. Mr. Pratt voluntarily left his employment with First Peoples Bank at that time. Subsequently, upon the solicitation and request of First Peoples Bank and its Board of Directors, Pratt accepted an offer of employment as CEO of First Peoples Bank in 2014 and as an employee of the Holding Company. Mr. Pratt was employed with First Peoples Bank as CEO and with Holding Company as President from 2014 through October 15, 2020.

11. During the period of 2014 through October 15, 2020, Plaintiff performed his CEO job duties in a competent and satisfactory manner. Plaintiff earned an annual salary from First Peoples Bank and Bancorp in addition to employee benefits.

12. From 2014 through 2020 First Peoples Bank's financial performance strengthened and its balance sheet improved.

13. At all times during Plaintiff's employment with First Peoples Bank and Bancorp, Plaintiff reported directly to First Peoples Bank's Board of Directors (the "Board"). Like most Board of Directors, First Peoples Bank's Board was lead by a Chairman of the Board. The Chairman and all Board Members of First Peoples Bank were agents of First Peoples Bank and Bancorp at all times material hereto.

14. Prior to Plaintiff's termination, First Peoples Bank and Bancorp were attempting to and had designs to replace Plaintiff as President and CEO with a significantly younger person.

15. During the early summer 2020 (June or July) the Chairman of First Peoples Bank and Bancorp met with Plaintiff and the Chairman made statements to Plaintiff about Plaintiff's

mental capabilities, the Chairman's perception of Plaintiff's mental capabilities and Plaintiff's age all in a disparaging manner. Specifically, the Chairman of First Peoples Bank told Plaintiff "you're not as quick [mentally] as you used to be." The Chairman of First Peoples Bank told Plaintiff that the Chairman was not aware of any bank that had a CEO in their seventies, unless the CEO was a bank owner. Plaintiff's date of birth is January 13, 1949. The Chairman of First Peoples Bank further stated to Plaintiff that he was not as fast to respond to questions as he once was, also indicating a perceived mental disability. During the same conversation, First Peoples Bank's Chairman instructed Plaintiff that he needed to retire as CEO and leave the bank at the end of 2020 or at the end of January 2021. During this conversation, the Chairman of First Peoples Bank gave Plaintiff no performance reasons for his "need to retire" other than Plaintiff not being as quick as he used to be and his age. The Chairman's statements to Plaintiff were shocking to Plaintiff, as he was not considering retirement at the end of the year or the first part of 2021, and he had not been issued any performance warnings or disciplinary actions.

16. Prior to the June/July 2020 time period, Plaintiff had not received any disciplinary actions, reprimands or warnings based upon his job performance as CEO.

17. In the First Peoples Bank's written Strategic Plan for 2020 Plaintiff was specifically recognized as a "Strength" of First Peoples Bank and as having 43 years of experience in banking, 21 years as a Bank President and for having served First Peoples Bank for 24 years.

18. Subsequent to Plaintiff's aforementioned meeting with the Board Chairman, Plaintiff spoke to First Peoples Bank and Bancorp's agents about the Chairman's discriminatory statements and that Plaintiff had been asked to resign. Specifically, Plaintiff reported the Chairman's discriminatory statements to a First Peoples Bank and Bancorp's Board member, attorney and Defendants' CPA.

19. Upon Plaintiff's refusal to retire as requested by the Chairman of the Board, and subsequent to Plaintiff's report of the Chairman's comments, the Chairman told Plaintiff that he had knowledge of Plaintiff telling the others that he [Plaintiff] had been asked to resign. The Chairman then instructed Plaintiff that he was to stop telling others that he [Plaintiff] had been told to resign and to stop talking about the matter.

20. In late August 2020 Plaintiff advised the Chairman that he had not been getting a full nights sleep. Plaintiff did not request any time off from work as a result of missing a few hours of sleep. Plaintiff did not present First Peoples Bank or its Chairman with any medical documentation or a request for reasonable accommodation related to sleep, mental issues or otherwise. However, on September 1, 2020, the Chairman provided Plaintiff with a letter directing Plaintiff not to report to First Peoples Bank to work for the immediate following three (3) days. Plaintiff shares the September 1, 2020 letter from the Chairman, which is on First Peoples Bank letterhead, Exhibit 2, attached. Although Plaintiff did not request or require a three-day suspension from work or leave, Plaintiff nonetheless followed the orders of the Chairman of the Board and did not report to work for three (3) days.

21. Although the Chairman of the Board questioned Plaintiff's mental status and age as CEO, prior to terminating Plaintiff, the Chairman of the Board instructed Plaintiff to mentor Plaintiff's replacement, providing him with ten (10) specific areas to mentor: investments and securities, balance sheet management, preparation for and working with examiners, working with CPA firms, daily operations – deposit side, correspondent banks, understanding of all policies and procedures, Board and Shareholder meetings, strategic planning, vendor agreements/contracts. The individual whom First Peoples Bank and Bancorp were considering and who did eventually replace Plaintiff as CEO is an individual substantially younger than

Plaintiff. The individual that replaced Plaintiff, as CEO of First Peoples Bank and Bancorp was not as experienced or knowledgeable in the essential job functions of the CEO Bank position as Plaintiff.

22. Plaintiff asserts that subsequent to Plaintiff's report of the aforementioned discriminatory comments, treatment and threat of involuntary retirement to First Peoples Bank's and Bancorp's agents, no investigation of Plaintiff's reports was conducted by First Peoples Bank or Bancorp.

23. Plaintiff asserts that his immediate supervisor and the entire Board of First Peoples Bank and Bancorp had full knowledge of the Chairman's discriminatory communications to Plaintiff and endorsed the Chairman's request for Plaintiff's resignation. Prior to First Peoples Bank's and Bancorp's termination of Plaintiff's employment, Plaintiff pleaded with them through their Board of Directors to stop asking for his resignation and to allow him to continue serving as CEO. At all times material hereto, including to-date, Plaintiff was and is mentally and physically capable of performing the CEO duties of First Peoples Bank and President of Bancorp. At all time material hereto, Plaintiff has not been placed on any physical or mental restrictions related to his employment or otherwise.

24. First Peoples Bank's 2020 written Strategic Plan confirmed that Defendants established an "Action Plan" whereby Plaintiff would train and groom Executive Vice President, Steven D. Amos, a significantly younger person than Plaintiff, to assume the duties of President and Chief Executive Officer, but only at such time as Plaintiff retired.

25. On October 15, 2020 at approximately 3:30 p.m., the Chairman of the Board, another Board member, and First Peoples Bank's Human Resources Manager and Senior Vice President, and an armed law enforcement officer came to Plaintiff's office at First Peoples Bank. The

armed officer was instructed by the Chairman to stand outside of Plaintiff's office and did not speak. The other mentioned First Peoples Bank agents came into Plaintiff's office and sat down. The Chairman of First Peoples Bank instructed Plaintiff that First Peoples Bank (and Bancorp) had been trying to get him to retire/resign from his position of CEO of the Bank for some time and acknowledged that Plaintiff would not agree to retire or resign. At that time the Chairman of the Board told Plaintiff that his positions with First Peoples Bank of Tennessee and First Peoples Bancorp, Inc. were being terminated immediately and that Plaintiff's salary and compensation ended immediately. After being instructed to gather his belongings, Plaintiff was escorted out of the First Peoples Bank building and off of the premises on October 15, 2020 at approximately 5:20 p.m.

26. On October 15, 2020 Defendants terminated the employment of Plaintiff. Plaintiff did not retire from his employment with Defendants.

27. Immediately subsequent to Defendants termination of Plaintiff's employment as President and CEO, Defendants replaced Plaintiff in those positions with Steven D. Amos, a significantly younger individual with less banking experience than Plaintiff. As of October 15, 2020 Steven D. Amos had no prior experience as a bank President or CEO.

28. At the time of Plaintiff's termination he was seventy-one (71) years old. Plaintiff was terminated because he was regarded as disabled, in violation of the Americans with Disabilities Act Amendments Act, 42 USC § 12101, *et seq.*, and due to Plaintiff's age in violation of the Age Discrimination in Employment Act, 29 USC § 621, *et seq.*, and the retaliation provisions of each such Act, and under the equivalent state statutes found in the Tennessee Human Rights Act, including, but not limited to Tennessee Disability Act.

29. Plaintiff avers that First Peoples Bank and Bancorp discriminated against him because of his age in violation of the ADEA and THRA, and because of a disability (perceived disability) in violation of the ADA and TDA. First Peoples Bank and Bancorp took advantage of the situation created by the Chairman of the Board and Plaintiff's refusal to retire or resign, which led to a pretextual termination of Plaintiff's long-term employment with First Peoples Bank and Bancorp. After Plaintiff's termination, he was replaced by an individual of a much younger age and without a disability.

30. First Peoples Bank's and Bancorp's age and disability (perceived disability) discrimination and retaliation were deliberate, malicious, willful, and in reckless disregard of Plaintiff's federal and state protected rights. Under federal law asserted herein Plaintiff is entitled to liquidated damages in double the amount of lost wages and benefits from First Peoples Bank and Bancorp.

31. Plaintiff's EEOC Charge was timely filed.

32. Plaintiff's Complaint against First Peoples Bank of Tennessee and First Peoples Bancorp, Inc. is timely filed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks the Court to:

I. Grant a judgment requiring First Peoples Bank of Tennessee and First Peoples Bancorp, Inc. to pay Plaintiff back wages, benefits, and retirement in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest as a result of the adverse effects of First Peoples Bank of Tennessee and First Peoples Bancorp, Inc.'s unlawful employment practices described above.

II. Grant a judgment requiring First Peoples Bank of Tennessee and First Peoples Bancorp, Inc. to pay Plaintiff compensatory damages for emotional distress and embarrassment, and punitive damages for First Peoples Bank of Tennessee and First Peoples Bancorp, Inc.'s intentional indifference to Plaintiff's protected rights.

III. Grant a judgment requiring First Peoples Bank of Tennessee and First Peoples Bancorp, Inc. to pay Plaintiff's reasonable attorneys' fees and costs.

IV. Grant a judgment requiring First Peoples Bank of Tennessee and First Peoples Bancorp, Inc. to reinstate Plaintiff to his former position or, alternatively, an award of front pay.

V. Award Plaintiff any other legal and equitable relief to which he may be entitled.

VI. Plaintiff demands a Jury in the trial of these matters.

Respectfully submitted,

*/s/ Jeffrey C. Taylor*
**Jeffrey C. Taylor, Esq.** (BPR #013436)
TAYLOR LAW FIRM
365 West Third North Street
Morristown, Tennessee 37814
(423) 586-6812
jeff@taylorlawfirmtn.com

Attorney for Plaintiff